# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2011

Lyle W. Cayce
Clerk

No. 10-50338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAULO TORRES-FACUNDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-47-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Saulo Torres-Facundo (Torres) appeals the sentence imposed following his guilty-plea conviction for attempted illegal reentry of a previously deported alien and false personation in immigration matters. The district court sentenced Torres within his advisory guideline sentencing range to 57 months of imprisonment. Torres argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a), and that the Sentencing Guidelines account for a prior conviction both to increase the offense level and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50338

to calculate the criminal history score.  He further argues that his guideline sentencing range overstated the seriousness of his nonviolent offense and did not properly account for his personal motive for reentering.

We have previously rejected both Torres's empirical data and his double counting arguments.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009).  Torres's argument concerning the district court's balancing of the § 3553(a) factors amounts to a disagreement with the district court's weighing of these factors and the appropriateness of a within-range sentence.  The argument is insufficient to rebut the presumption of reasonableness applicable to Torres's within-range sentence. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).  Torres has failed to show that the district court abused its discretion or that his sentence was substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The judgment of the district court is AFFIRMED.